UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 09-40027-FDS |
| V. | ) | |
| | ) | |
| CHARLES ADAMS | ) | |

## MOTION TO DISMISS PARTS OF INDICTMENT THAT CHARGE CONDUCT OUTSIDE APPLICABLE STATUTE OF LIMITATIONS

Charles Adams moves this Honorable Court to dismiss those portions of the indictment that charge him with a criminal offense based on conduct that took place outside of the applicable statute of limitations period. All of the offenses alleged against Mr. Adams have a six-year statute of limitations period. The indictment issued on August 12, 2009. Therefore, Adams should not be charged with conduct which is alleged to have taken place prior to August 12, 2003.

**I. Statement of Facts**

Charles Adams, along with six co-defendants, were indicted in a twenty-count indictment on August 12, 2009. Four counts pertain to Mr. Adams ; one count of Conspiracy to Defraud the United States Government, in violation of 18 U.S.C. § 371, (Count One) and three counts of Tax Evasion, in violation of 26 U.S.C. § 7201, (Counts Six, Seven and Eight). The conspiracy indictment alleges three so-called "schemes", but Mr. Adams is only charged with conduct connected to one of them.

According to Count One of the indictment, Charles Adams conspired with William Scott Dion and Catherine Floyd to defraud the United States and the Internal Revenue Service. The indictment identified the object of the so-called "Payroll Tax Conspiracy" was to use entities

"controlled" by the parties to defraud the government by impeding and obstructing governmental functions of the IRS in computing and assessing and collecting the income taxes associated with wages paid on behalf of "subscribers" of three such entities. According to the indictment, these entities were set up to accept funds from employers and distribute paychecks to employees and independent contractors. The indictment alleges that one of these entities, "Contract America", did not follow the reporting requirements of the IRS for employers and did not comply with tax withholding requirements. The other two entities, "New Way" and "Talent Management", did follow the reporting requirements.

Counts Six, Seven and Eight of the indictment allege that Mr. Adams failed to file a personal income tax return for calendar years 1996, 2003, and 2004, respectively.

**II. Argument**

The statute of limitations sets a temporal limit on the government's power to indict a person for criminal conduct, mandating the government initiate prosecution within a certain period of time after a crime is completed. Typically, most federal felony crimes are governed by the five-year limitation period set forth in 18 U.S.C. 3282 (a). But tax crimes, such as the ones in the case at bar, are subject to the six-year limitation period set forth in 26 U.S.C. 6531. This limitation period is designed to encourage the government to investigate criminal activity in a timely manner, bar prosecution of old crimes against which it would be difficult to mount a defense, and allow for repose after a certain period of time. *Toussie v. United States*, 397 U.S. 112 (1970). The statute of limitations period begins to run when a crime has been committed. A crime has been "committed" when "every element of the crime has been accomplished." *United States v. Walsh*, 928 F.2d 7 (1st Cir. 1991).

**COUNT ONE:**

In particular, portions of Count One of the indictment, which charges Conspiracy to Defraud the U.S. Government, reference conduct which is alleged to have occurred prior to the applicable six-year limitations period. Similarly, portions of Count 6 which charges Tax Evasion, should be dismissed as they reference conduct outside the statutory six-year period for that offense.

Some of the Overt Acts attributed to Charles Adams fall outside the applicable Statute of Limitations.  The indictment alleges that the Payroll Tax Conspiracy consisted of utilizing three entities: "Contract America", "Talent Management," and "New Way."  In particular, Count One of the indictment describes the Overt Acts of the "Payroll Tax Conspiracy" as beginning in July of 2001 and continuing until September 2004.  The indictment alleges Charles Adams was involved with Contract America, an entity that issued paychecks to employee-subscribers "under the table" .  The indictment also describes two other entities, "Talent Management" and "New Way" alleged to have been created, operated and promoted by Adams, Floyd and Dion as a means for employers to pay their employees "on the books", and that both of those entities routinely filed IRS tax forms 941, W-2, 1099-MISC for their subscribers.

The defendant moves that allegations of all conduct which took place prior to August 12, 2003, be stricken and that he not be burdened with prosecution for conduct which the government has not specified clearly enough for him to defend against.  In particular, there is no specificity with regard to the dates of alleged improper conduct attributed to Mr. Adams in this Count, and much of the time frame falls well outside the limitations period.

**COUNT SIX**

This count against Adams alleges Tax Evasion, in violation of 26 U.S.C. § 7201.  Count

Six alleges failure to file an income tax return for the calendar year of 1996. According to the indictment, the Grand Jury incorporated the allegations contained in paragraphs "three, sixteen, and twenty-four through twenty-seven" of the indictment into this Count. Those paragraphs state that Charles Adams resided in Wrentham, Massachusetts and describe the formation of "BMS" as a "trust entity" formed and operated by other defendants, not Adams. Those paragraphs further describe the tax law requirements, the operation of the I.R.S., and set forth basic terminology used in tax-related matters.

Paragraph 101 then states that Charles Adams did not file a federal income tax return and did not pay federal income taxes despite earning sufficient income during 1996 which would make him legally obligated to do so.

Subsequent paragraphs then describe IRS assessment and enforcement efforts. In addition, paragraph 106 states that, "from in or about December 2000, to in or about February 2005" the defendant engaged in acts to evade and defeat the payment of the taxes due to the United States assessed against him for the tax year of 1996. The indictment then lists various activities such as making use of money orders to pay his expenses, however no dates whatsoever are specified for any of these itemized activities.

Mr. Adams is charged in this count with Tax Evasion - Evasion of Payment in violation of 26 U.S.C. § 7201 for conduct that occurred on or about April 15, 1997. The statute of limitations for failure to file a tax return is six years. Since the indictment was filed more than six years after the defendant's failure to file, this count should be dismissed. Section 7201 is not a continuing offense because the statutory language does not specifically state so and the nature of the offense is not continuous. Individual acts of "evasion" may increase the limitation period. The law is well-established that the statute of limitations for tax evasion runs from "the day of

the last act of evasion." *United States v. DiPetto*, 936 F.2d 96 (2d Cir.1991).  But, the act(s) of evasion are affirmative acts and must be described and identified with clarity.

The Supreme Court has decided that statutes of limitations will not prevent late prosecutions of what are considered "continuing" crimes.  A continuing crime is either (1) one in which the statutory language of the offense directly states that it is a continuing crime, or, (2) crimes which, by its very nature are intended to be "continuing".  In *Toussie v. United States*, 397 U.S. 112 (1970), the Court set forth the analysis to be used in deciding whether an offense was a "continuing" one for statue of limitations purposes.  The *Toussie* Court emphasized that this exception for "continuing" offenses should be used sparingly because " criminal limitations statutes are 'to be liberally interpreted in favor of repose'". *Id.* at 115.

Since the indictment in this case does not allege when the alleged acts constituting "evasion" took place, it is impossible to know whether the grand jury indicted the defendant for conduct which took place within the proper scope of time.  Following the analysis in *United States v. Mubayid*, 567 F. Supp. 2d 223 (D. Mass. 2008) , where this Court held that concealing material information from the government was not a continuing offense and that each subsequent act of concealment should trigger a new five-year limitations period, the vague and undated "acts of evasion" should not be permitted to bootstrap a continuous stream of prosecutorial opportunity.  Indeed, the Court noted, "many federal crimes–for example, mail fraud, *tax evasion*, and theft–are likely to produce benefits to the perpetrator after the crime has been committed, but have not been held to be continuing offenses for statute of limitations purposes. *Id.* at 241-242 (emphasis supplied).

Because the crime was complete as soon as the return for the tax year was not filed, or, in the alternative, upon the last identified act of evasion, the offense was not continuous.  The

defendant should be afforded the benefit of the established reliance on statutes of limitation for criminal prosecutions.

Since the indictment in this case was obtained on August 12, 2009, the defendant moves that the Court dismiss all parts of the indictment that charge him with any conduct alleged prior to August 12, 2003.

CHARLES ADAMS

By his attorney,

*/s/Beverly B. Chorbajian*
Beverly B. Chorbajian
Bchor.law@verizon.net
BBO #566893
390 Main Street, Suite 659
Worcester MA 01608
Tel. (508) 755-8072

Dated: July 25, 2011

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via first-class mail to those indicated as non-registered participants on July 25, 2011.

/s/ Beverly B. Chorbajian
Beverly B. Chorbajian
BBO # 566893
390 Main Street, Suite 659
Worcester MA 01608
Tel. (508) 755-8072
Fax: (508) 791-8994
Bchor.law@verizon.net
