IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 09-40027-FDS |
| ) | |
| WILLIAM SCOTT DION, ) | |
| CATHERINE FLOYD, and ) | |
| CHARLES ADAMS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# GOVERNMENT'S MOTIONS *IN LIMINE* REGARDING TESTIMONY OF REVENUE OFFICER WILLIAM WELSH

## INTRODUCTION

The Government, by and through the undersigned attorneys, respectfully submits this Motions *in Limine* concerning the testimony of IRS Revenue Officer William Welsh (1) to preclude defense cross examination and/or argument suggesting constitutional violations by the IRS during collection proceedings on January 11, 2002; (2) to preclude questioning and admission of a recorded transcript on cross examination of events at an IRS office on January 11, 2012 just prior to the collection proceeding; and (3) to preclude questioning on RO Welsh's decision to refer defendant Adams for criminal prosecution.

These inquiries are irrelevant pursuant to Rule 401, as well as confusing and prejudicial pursuant to Rule 403. The recorded transcript is also self-serving hearsay by defendant Adams, generated as it was by him in preparation for his criminal prosecution. Inquiry regarding the decision to refer the matter criminally in lieu of further efforts to resolve the matter civilly is an

area of inquiry this Court has already precluded in earlier rulings.  Thus, these matters should be excluded on cross examination.

The Government intends to end RO Welsh's testimony with defendant Adam's compliance with Judge Keeton's order to appear for a collection deposition on January 11, 2002, and that the collection case ended without collection.   It would appear that defendant is not precluded from establishing on cross examination that he invoked his Fifth Amendment right against self-incrimination as a reason for not providing information.  Accordingly, the Government withdraws its objection to this limited inquiry should defendant Adams choose to raise it.  The Government will not elicit this fact during direct examination.

## BACKGROUND

William Welsh is a Revenue Officer with the IRS's Collection Division.  As a Revenue Officer,[1] RO Welsh's responsibilities include the collection of outstanding tax debts assessed by the IRS's Examination Division, either through cooperation of the taxpayer, or through collection tools such as levies and liens.

In or about mid-2000, RO Welsh was assigned to collect defendant Adam's outstanding tax debt for the 1996 year, an assessment for which the defendant was charged in the Indictment for evasion of payment.  Defendant Adams did not cooperate with respect to the payment of this outstanding debt.  In the absence of cooperation, RO Welsh filed a tax lien, Ex. 36-C, and served defendant with a summons.  Ex. 36-E.  Defendant refused to appear for the summons, papering

---

[1] As distinguished from Revenue Agents which work in the Examination Division and are responsible for investigating unreported income, auditing tax returns, and assessing additional tax.

RO Welsh with frivolous requests and demands, authored by Save A Patriot, as conditions precedent to defendant's appearance. Ex. 36-E. Defendant requested a collection due process hearing and appeal (late, though the IRS gave him an equivalent hearing), which stayed collection proceedings until the outcome of the collection appeal for the remainder of 2000, and into the beginning part of 2001.

On the appeal, rather than argue collection matters, defendant argued that he was not liable for income tax, which was beyond the jurisdiction of the collection appeal. The IRS informed defendant Adams that, per his admission, he received the notice of deficiency and assessment for 1996, and did not challenge the assessment through means then available to him, including federal Tax Court. Nevertheless, in accordance with Save A Patriot's game plan for preparation of criminal prosecution, defendant Adams brought in a tape recorder to the collection appeal and demanded proof that he was liable for tax.

In April 2001, the IRS notified defendant Adams that his collection appeal had been denied, and that matters concerning the underlying tax liability were beyond the jurisdiction of the collection appeal. Ex. 66-B.

Defendant Adams was told to appear under a summons for a collection deposition. Defendant refused, again papering the IRS with challenges to his liability for tax. Ex. 38-B.

The IRS referred the matter to the U.S. Attorney, and an enforcement proceeding commenced in U.S. District Court before Judge Keeton. Defendant filed a manifesto claiming, among other things, he was not liable for income tax because he was not a resident of Puerto Rico, Virgin Islands, Guam, or other U.S. territories. Ex. 40-B ("Affidavit of Truth"). On December 20, 2001, defendant Adams appeared before Judge Keeton, and Judge Keeton,

rejecting defendant's arguments, ordered that defendant Adams appear for a collection deposition on January 11, 2002.

On January 11, 2002, defendant Adams appeared at an IRS office for the collection deposition – along with his then-wife Marie Adams Jones, his children, and defendant William Dion.  William Dion purported to represent defendant Adams as a power of attorney, but his POA was not accepted.   Defendant Adams, per the Save A Patriot playbook, brought a tape recorder, and taped his interactions with the IRS prior to the deposition.

The deposition proceeded by the book, and defendant Adams invoked his Fifth Amendment privilege, declining to provide information relevant to collection matters. Afterwards, defendant Adams wrote a letter making inflammatory claims against the IRS, including the claim that the IRS violated his Sixth Amendment right to counsel (by not allowing Dion as a POA).  The transcript of interactions ancillary to the deposition, produced by defendant Adams, is not consistent with the allegations made by defendant Adams in his letter.

## ARGUMENT

RO Welsh's testimony should be limited to his efforts to collect against defendant Adams, and any notice defendant Adams received thereby.

Any allegation that the Government violated his Sixth Amendment right should be precluded pursuant to Federal Rule of Evidence 401 as not relevant to any material issue for the jury to consider on the elements of the charges.  Even if it were marginally relevant to cross examination (which it is not), any probative value is far outweighed by the prejudice and confusion that would be caused by even suggesting the allegation.  Indeed, it would be an effort

to do what this Court already precluded the defendants from attempting, and what the Save A Patriot Fellowship was all about – to inflame a jury and to put the IRS on trial.

Likewise, any questioning concerning the ancillary interactions on January 11, 2002, prior to the collection deposition, between defendant Adams, his children, his wife, defendant Dion, and IRS employees – as apparently memorialized in a transcript produced by defendant Adams – should be precluded as irrelevant under Rule 401.  It should also be precluded under Rule 403.  Finally, the transcript, and any mention thereof, should be precluded as self-serving hearsay.

Lastly, pursuant to this Court's previous rulings, any cross examination of RO Welsh with respect to his referral of defendant Adams for criminal prosecution should be precluded pursuant to Rules 401 and 403.  It is not relevant to any material issue for the jury to decide on the elements of the crimes charged.   Such cross examination would only tend to mislead and confuse the jury.

Respectfully submitted this 20h day of March, 2012.

                        CARMEN M. ORTIZ
                        United States Attorney

By:     /s/ John N. Kane, Jr.
        JOHN N. KANE, JR.
        Assistant Chief
        U.S. Department of Justice, Tax Division

        VICTOR A. WILD
        Assistant U.S. Attorney

        JEFFREY L. SHIH
        Trial Attorney
        U.S. Department of Justice, Tax Division

**CERTIFICATE OF SERVICE**

       I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                                              /s/ John N. Kane, Jr.
                                              JOHN N. KANE, JR.
                                              Assistant Chief
                                              U.S. Department of Justice, Tax Division