UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                                                                              DOCKET NO.  09-40027-FDS

CHARLES ADAMS

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE REGARDING TESTIMONY OF REVENUE OFFICER WILLIAM WELSH

The government seeks to preclude the defendant from cross-examining their witness regarding:

(1.) "constitutional violations" by the IRS during collection proceedings;

(2.) To preclude questioning and admission of a recorded transcript on cross exam of the events at the IRS office on Jan 11 2012;

(3.) And to preclude questioning on Officer Welsh's decision to refer Adams for criminal prosecution.

**I.   Allegations of "constitutional violations" at the hearing are not being asserted for the truth of the matter.**

At the time of the hearing, and for some time during the pendency of this prosecution, the defendant acted pro se.  His perception that his rights were being violated and his understanding of the law at that time, are relevant and material to the ultimate issue in this case.

The defendant is now represented by counsel.   At trial, the defendant does not seek to elicit facts which purport to evidence a "constitutional violation" or argue a violation of the defendant's sixth amendment right to counsel occurred on January 11, 2002.  The defendant did accuse the IRS of such a violation in his

1

"letter" referenced in the government's motion. However, the defendant does not seek to argue this point at trial. The events which took place at the collection hearing are relevant and it is wrong to deprive the defendant of full and fair cross-examination regarding what transpired at the hearing. Such an event can be a pivotal moment for a "taxpayer" and also a non-taxpayer.

Clearly, Mr. Dion was present as a "witness" at the event and the Adams' were informed that they were allowed to bring a "witness". They were informed that their "witness" could not "testify" at the hearing. The defendant promptly informed the Officers that he did not intend to ask his "witness" to speak, but rather, simply wanted him present to observe. The "witness" was still denied entry. The Adams' presented a POA they signed for the "witness" to speak on their behalf. They were told he could not do so because he was not an attorney. Yet the IRS rules do, in fact, allow non-lawyers to speak on behalf of persons at a collection proceeding. Despite all this, the defendant does not expect to press the point about the difference between an attorney and a non-attorney speaking for him, nor does the defense plan to argue that there was a 6th amendment violation taking place at the hearing.

However, as with this entire case, the issue is not what is "correct", but rather, what the defendant believed.

**II.    The challenged testimony (the "letter" and the transcript) qualifies under the 803 (1) Present Sense Impression Exception to the Hearsay Rule and F.R.E. 803 (3) Exeption for a Then-existing Mental, Emotional, or Physical Condition.**

The government has objected to any testimony regarding the "letter" of the defendant created after the hearing with Mr. Welsh, and the transcript which is replete with the defendant's own thoughts recorded at the time of the hearing, as he spoke into his own microphone. The "letter" to which the government refers is actually an affidavit filed in the US District Court, in the case for which Judge Keeton's Order brought the defendant to the IRS on January 11, 2002. The defendant stressed that he was appearing "under duress". Under Rule 803 (1), a Present Sense Impression is defined as "a statement describing or explaining an event or condition, *made while* or immediately after the declarant perceived it."

The touchstone of this exception is timing. In *US v. Cruz*, 765 F.2d 1020 (11th Cir. 1985) the challenged testimony was excluded because it was unclear how much time had passed. Here, the transcript was made contemporaneously, while the defendant was actually at the hearing. The "letter" was composed and signed by the defendant on January 17, six days after the January 11 hearing and was filed in the court on January 22. The defendant seeks to convey to the jury the facts of what took place at the hearing in order for the jury to understand his own state of mind, and present sense impressions.

Further, the statements at issue also qualify as 803 (3) statements of then-existing mental, emotional or physical condition. The Rule permits:

"A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . )"

3

A defendant's statement at the time of his arrest has been held to fall under this exception. *US v. Ouimette,* 753 F.2d 188 (1st Cir.1985).  State of mind must be relevant, however. *US v. Puglisi,* 790 F.2d 240 (2d Cir. 1986).  Because of the nature of the defendants chosen defense, his "present sense impressions" and "then-existing state of mind" at the time of this hearing are highly relevant and material.  The defendant is not only charged with tax evasion for 1996, but there are two separate additional subsequent charges for 2003 and 2004 and the government alleges a continuing scheme of concealment and impeding collection efforts.

The "letter" reflects the emotional state of the defendant after enduring the hearing and the transcript reflects his personal impressions of what was happening to him and his family at the hearing.

The government can certainly argue, as they no doubt will, that the defendant's actions were part of a well-rehearsed and orchestrated "scheme" to achieve success at his own prosecution for tax crimes.  They are free to attack his credibility but he should not be foreclosed from presenting his defense.

**III.     Evidence about the criminal referral has previously been foreclosed.**

The defendant does not expect to raise the issue of the specific referral of *this case* for criminal prosecution as this was foreclosed during earlier proceedings.  However, the general issue of criminal referral may be relevant to the defendant's understanding and notice of the law.  In fact, the government has already raised the issue in the context of asking whether or not one who is served with a summons is "on notice" that there are penalties and sanctions available such as levying and forced sale.  And, it is fully expected that the government will argue

that the whole purpose of enrollment in the Save-A-Patriot Fellowship was to "prepare" for a criminal prosecution. The government itself is walking dangerously close to creating an issue of the prosecution decision by its own arguments.

**IV.  Evidence of the defendant invoking his Fifth Amendment privilege at the hearing is admissible.**

The government suggests bringing the tape recorder to the collection hearing was part of a "game plan", but the very notice sent to Mr. Adams from the IRS anticipates taxpayers may bring a tape recorder. (Government Exhibit 148-Y-20)  According to the government, the deposition proceeded "by the book" and Adams invoked his Fifth Amendment privilege against self-incrimination by repeatedly answering each question, "Can you assure me the information will not be later used against me in a criminal case?"  The government concedes these exchanges are admissible.

**CONCLUSION:**

For the foregoing reasons, the defendant asks that the government's motion be denied in its entirety.

Respectfully submitted,

CHARLES ADAMS,
By His Attorney,

*/s/ Beverly B. Chorbajian*

BEVERLY B. CHORBAJIAN
390 Main Street, Suite 659
Worcester MA 01608
508-755-8072 telephone
508-791-8994 facsimile
Bchor.law@verizon.net

MARCH 20, 2012

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on March 20, 2012.

/s/ Beverly B. Chorbajian
BEVERLY B. CHORBAJIAN

March 20, 2012