UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| CHARLES ADAMS, | ) | |
| Petitioner | ) | |
| | ) | CRIMINAL NO. 09-40027-FDS-3 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |
| _____) | | |

## UNITED STATES' MOTION FOR ORDER REGARDING
## WAIVER OF ATTORNEY-CLIENT PRIVILEGE

The United States, by its undersigned counsel, moves this Court for an Order authorizing and

directing Beverly B. Chorbajian, Esq., former trial counsel for Petitioner Charles Adams, to disclose

to counsel for the United States such matters as are reasonably necessary to enable the United States

to respond to issues set forth in the Petitioner's *Motion To Vacate, Set Aside, or Correct Sentence By*

*A Person In Federal Custody*, Docket No. 681 (hereinafter, the "2255 Motion").

## BACKGROUND

In August 2009, the grand jury charged defendants Charles Adams, William Scott Dion and

Catherine Floyd, along with co-conspirators Gail and Myron Thorick and customers Gary and

Kenneth Scott Alcock, with operating and participating in a corrupt scheme to defraud the IRS.  See,

Dkt. 1.

Count 1 charged Adams, Dion and Floyd with conspiring to defraud the IRS, in violation of

of 18 U.S.C. § 371, by operating and promoting a payroll tax scheme that used a multitude of trusts

trusts and corporations to help client companies and their employees avoid detection by the IRS.

Counts 6, 7, and 8 charged Adams with tax evasion, in violation of 26 U.S.C. § 7201, for years 1996, 2003, and 2004, respectively.  The Government dismissed Count 8 in advance of trial.  On April 3, 2012, the jury convicted Adams on Counts 1, 6 and 7.  Dkt. 445.  On September 27, 2012, this Court sentenced Adams to 48 months' imprisonment and ordered him to pay $400,001 in restitution.  Dkt. 519, 546.  Adams filed an appeal to the First Circuit under Case No. 12-2276.  Dkt. 551.  The judgment of this Court was affirmed.  Dkt. 652, 653, 659.  On June 9, 2014, the Supreme Court denied Adams' petition for a writ of certiorari.  Dkt. 663.

On February 26, 2015, Adams filed his 2255 Motion seeking an Order of this Court to vacate his convictions and the sentences imposed by this Court.  Dkt. 681.  Adams filed a supporting memorandum containing 119 pages.  Dkt. 681-1.  He makes myriad claims, including that he received ineffective assistance from Attorney Chorbajian, who served as both his trial counsel and his appellate counsel:

> I seek to have my conviction and sentence vacated due to the
> ineffective assistance of counsel as well as other issues raised
> in this supporting memorandum.

Dkt. 681-1 at 12.[1]  For his motion, Adams provides limited citations to the record, instead repeatedly relying on assertions based outside the record.  As to his ineffective assistance claims, Adams identifies six asserted "failures" of his trial counsel:

1. Failure to file a motion for dismissal under the Speedy Trial Act;

2. Failure to file a motion for dismissal under the Speedy Trial Clause of the Sixth Amendment;

---

1 "Other issues" include matters for which consideration under a Section 2255 petition is unavailable.  For example, Adams impermissibly attempts to relitigate (a) this Court's denial of his motion to suppress evidence seized at his home, Dkt. 681-1 at 53, and (b) the evidence of his crimes of conspiracy and tax evasion.  Id. at 60-70, 71-75.

3.    Failure to file a motion for dismissal for pre-indictment delay in violation of the Due Process Clause of the Fifth Amendment;

4.    Failure to establish "misjoinder" of counts and pursue separate trials and defense strategies between counts, *viz,* conspiracy and tax evasion offenses;

5.    Failure to "pursue unlawful search and seizure" regarding evidence seized from the defendant's home pursuant to search warrant; and

6.    Failure to show it was impossible that there was a conspiracy with co-defendants "because there was no agreement. . . ."

Id. at 38-43.

On June 18, 2015, this Court entered its Service Order directing the Clerk to serve a copy of of the 2255 Motion upon the U.S. Attorney, and directing the Government to file a responsive pleading within 21 days (i.e., on or before July 9, 2015).[2] Dkt. 686.  Simultaneously with the within within motion, the Government has this day filed its Initial Opposition To Petitioner's § 2255 Motion and Motion For Extension Of Time To File Further Response.

However, the Government is without knowledge or information about pertinent communications between Adams and his former lawyer and thus cannot fully respond to the 2255 Motion without being afforded an opportunity to obtain information, correspondence, notes and memoranda chronicling communications and other matters and, if necessary, an affidavit from former counsel regarding the events in question.

Petitioner's former counsel is obligated to be self-constrained by the attorney-client privilege from discussing these matters with Government counsel, absent Petitioner's signed waiver of the privilege or an Order of this Court authorizing and directing her to do so.

---

2   Contrary to Adams' claims elsewhere, see Dkt. 684,, the Government had no obligation to respond to his 2255 Motion unless and until this Court so ordered.  See Rule 5, Rules Governing Section 2255 Proceedings For The

## LEGAL DISCUSSION

Courts have routinely ruled that when a client raises a claim relating to ineffective assistance of counsel, he waives the attorney-client privilege.  As the Second Circuit has noted, "except in highly unusual circumstances, the assertedly ineffective attorney should be afforded an opportunity to be heard and to present evidence in the form of live testimony, affidavits or briefs." Bloomer v. United States, 162 F.3d 187, 194 (2d Cir. 1998) (internal quotation marks omitted) (quoting Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998)).  Similarly, the Eight Circuit has ruled:

> A client has the privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence . . .  Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege.

Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974).  See, also, e.g., In re Lott, 424 F.3d 446, 446, 452-53 (6th Cir. 2005) ("The [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance.");  Bittaker v. Woodford, 331 F.3d 715, 718-19 (9th Cir. 2003) ("The rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue . . . dates back to at least Hunt v. Blackburn, 128 U.S. 464 . . . (1888)"); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2002) ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [defendant] put at issue – and thereby waived – any privilege that might apply to the contents of his conversations with those attorneys.").

---

United States District Courts.

This rule has been followed in this District, albeit in unreported decisions.  See, e.g.,  Sena v. Spencer, 2006 U.S. Dist. LEXIS 9216, Civil No. 05-10381-DPW (D.Mass.) (Woodlock, J.) (noting that Massachusetts Rule of Professional Conduct 1.6 "specifically allows the disclosure of confidential information relating to the representation of a client 'to respond to allegations in any proceeding concerning the lawyer's representation of the client'"); Zanuccoli v. United States, Civil No. 04-12170-JLT (D.Mass.) (Tauro, J.) (granting government's motion directing trial counsel to file affidavit in response to §2255 petitioner's claims of ineffective assistance on alleged failure to file notice of appeal); Tibbs v. United States, Civil No. 02-11265-NG (D.Mass.) (Gertner, J.) (ordering §2255 petitioner to file waiver of attorney-client privilege and affidavit outlining factual bases of claimed ineffectiveness); Vavlitis v. United States, Civil No. 97-10902-EFH (D.Mass.) (Harrington, J.) (dismissing §2255 petition alleging ineffective assistance of counsel for failure to comply with Court's order to waive attorney-client privilege so that record could be expanded to address petitioner's claim); Devaney v. United States, Civil No. 97-10957-WGY (D. Mass.) (Young, J.) (ruling that allegations of ineffective assistance, in §2255 petition and in motion for new trial, waived privilege).

WHEREFORE, the United States requests that this Court enter an Order authorizing and directing Attorney Beverly B. Chorbajian to disclose to counsel for the United States correspondence, notes and memoranda chronicling verbal communications, together with such other information and matters as may be reasonably necessary to respond to the § 2255 Motion submitted by Adams in this case.

Respectfully submitted this 2nd day of July, 2015.

CARMEN M. ORTIZ
United States Attorney

By: /s/ Victor A. Wild
VICTOR A. WILD
Assistant U.S. Attorney

JOHN N. KANE, JR.
Assistant Chief, Northern Section
U.S. Department of Justice, Tax Division

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a paper copy will be sent to Charles Adams, Reg. No. 27439-038, U.S.P. Canaan, P.O. Box 200, Waymart, PA 18472.

/s/ Victor A. Wild
VICTOR A. WILD
Assistant U.S. Attorney
Suite 900
One Courthouse Way
Boston, MA 02210