UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
**UNITED STATES of AMERICA**       )
                                   )
     v.                            )     Criminal No.
                                   )     09-40027-FDS
**CHARLES ADAMS,**                 )
                                   )
          **Defendant.**            )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On February 26, 2015, defendant Charles Adams moved to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255.  The motion raises, among other grounds for relief, a claim of ineffective assistance of counsel.

On July 2, 2015, the government moved for an order directing Adams's trial counsel, Beverly B. Chorbajian, to produce "correspondence, notes and memoranda chronicling verbal communications, together with such other information and matters as may be reasonably necessary to respond to the § 2255 [m]otion submitted by Adams in this case."  (Mot. at 5).  In its motion, the government contends that such an order is warranted because Adams waived his attorney-client privilege by raising a claim of ineffective assistance of counsel.

As a general matter, a defendant who brings a § 2255 motion is deemed to have waived his attorney-client privilege as to at least some communications upon raising a claim of ineffective assistance of counsel.  *See, e.g.*, *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003) ("The rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation dates back to at least *Hunt v. Blackburn*, 128

U.S. 464 . . . (1888)."); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) ("A party waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." (internal quotation marks omitted)); *Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998) ("[E]xcept in highly unusual circumstances, the assertedly ineffective attorney should be afforded an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." (internal quotation marks omitted)); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *Skillman v. United States*, 800 F. Supp. 2d 352, 354 (D. Mass. 2011) ("By filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and claiming [ineffective assistance of counsel], Skillman has waived the attorney-client privilege to the extent that communications between him and his trial counsel would be necessary to prove or disprove his [ineffective assistance of counsel] claim.") (citing *Sena v. Spencer*, No. 05-10381, 2006 WL 568306, at *6 n.7 (D. Mass. Mar. 8, 2006)).

    The Court therefore agrees that Adams has waived his attorney-client privilege to the extent that communications between him and his trial counsel are relevant to prove or disprove his claim of ineffective assistance of counsel.[1]  However, the order sought by the government's motion may be overly broad at this stage.  The scope of the privilege waiver is a fact-dependent inquiry that must be evaluated in the context of both the specific discovery request at issue and the contours of the underlying claim.  Under the circumstances, the Court will not issue the

---

[1] Counsel's apparent contention that her obligation under Model Rules of Prof'l Conduct R. 1.6 to maintain client confidentiality requires a different result is without foundation.  (*See* Def. Opp. at 2).

requested order, but will address any claim of privilege as it may arise in the context of specific and appropriately tailored requests for discovery.

Accordingly, the motion by the United States for an order regarding a waiver of attorney-client privilege as to defendant Charles Adams is GRANTED in part and DENIED in part. As a general matter, defendant's attorney-client privilege is deemed waived as to those of his communications with prior counsel that are relevant to the proof or defense of his claim of ineffective assistance of counsel. Specific discovery requests that may implicate otherwise-privileged communications or materials will be addressed as they may arise.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 28, 2015